AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Northern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 5-26MJ029 |
| Steven Glenn Ryals aka "Hot Tub" | ) | |
| | ) | |
| *Defendant(s)* | ) | |

MAR 2 2026 AM 9:06
FILED - USDC - NDTX - LU

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 27, 2026__ in the county of __Lubbock__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Methamphetamine. |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Blaise Dillenburg, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-2-24

_____
*Judge's signature*

City and state: Lubbock, Texas     Amanda "Amy" R. Burch, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Blaise Dillenburg, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), currently assigned to the Dallas Field Office, Lubbock Resident Agency (RA). I am classified as a law enforcement officer of the United States under Title 18, United States Code, Section 2510(7), and am authorized to conduct investigations and make arrests for violations of applicable federal law. I have served as an FBI Special Agent since January 17, 2021. I was initially assigned to the FBI El Paso Field Office, Midland Resident Agency (RA), before transferring to the FBI Dallas Field Office, Lubbock RA, where I currently serve as the coordinator for the FBI Dallas Field Office West Texas Anti-Gang Team (WTAGT) Safe Streets Task Force (SSTF). In this role, I investigate violent street gangs, motorcycle gangs, prison gangs, and violent crime matters as well as Transnational Organized Crime in the Western Hemisphere. Prior to joining the FBI, I was employed as a State of Texas licensed peace officer with the Temple Police Department in Temple, Texas, for approximately four years, and with the Abilene Police Department in Abilene, Texas, for approximately three years.

2.  I make this affidavit in support of a criminal complaint charging STEVEN GLENN **RYALS**, also known as "Hot Tub," with Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The essential elements for this offense are: (1) That the defendant knowingly possessed a controlled substance; (2) That the substance was in fact

**Affidavit in Support of Criminal Complaint – Page 1**

methamphetamine; and (3) That the defendant possessed the substance with the intent to distribute it.

3. The sole purpose of this affidavit is to establish that there is probable cause to believe that **RYALS** engaged in specific criminal activity. The statements contained in this affidavit are based on familiar facts and circumstances of this investigation as a result of my personal participation in the investigation and information provided by other investigators and agents, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement officers, and my experience, training, and background as a Special Agent with the FBI. The information set forth in this affidavit is provided in support of the attached criminal complaint, charging **RYALS** with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and thus is intended only to establish probable cause to believe that this offense was committed. As such, this affidavit does not include every fact known to law enforcement about this investigation.

4. The United States, including the FBI, is conducting a criminal investigation into members of the Bandidos Motorcycle Club (BMC), which is highly organized criminal organization operating in Lubbock, Texas, and the surrounding areas, regarding possible violations of Title 21, United States Code Sections 841(a)(1) and 846. One of the Lubbock BMC chapters is known as the Notorious Chapter. The BMC Lubbock Notorious Chapter President is **RYALS**, who is responsible for part the motorcycle club's operations in Lubbock, Texas, and known to conduct drug trafficking activities within the Northern District of Texas.

**Affidavit in Support of Criminal Complaint – Page 2**

## FACTUAL BASIS OF COMPAINT

5. In early 2025, the FBI Lubbock RA initiated a joint investigation with our law enforcement partners at the Lubbock, Texas, Anti-Gang Center (TAG Center) into BMC chapters in Lubbock and surrounding areas. This investigation was initiated due to prior violent criminal incidents and ongoing drug trafficking activities attributed to specific members of the organization. I am aware that BMC chapters operating throughout the United States, including those based in Lubbock, have a well-documented history of criminal conduct, including, but not limited to, murder, attempted murder, aggravated assault, assault with a deadly weapon, robbery, firearms trafficking, narcotics distribution, extortion, theft, and other related violent and organized criminal offenses.

6. In February 2025, FBI Lubbock RA agents were informed by the Lubbock County Sheriff's Office (LCSO) that the president of the BMC Lubbock Notorious chapter, identified as **RYALS**, was believed to be selling large amounts of methamphetamine from the BMC Notorious club house located at 4712 East Farm to Market 2641, Lubbock, Texas 79403.

7. In April 2025, FBI Lubbock RA agents along with agents from the Texas Department of Public Safety (TXDPS) conducted a custodial interview of a cooperating source (CS) who was a ranking member of a long-standing motorcycle club in Lubbock, Texas. During the interview, the CS informed agents that the CS had previously purchased methamphetamine from the BMC Notorious President identified as **RYALS** who resides at the BMC Notorious club house. The CS stated that **RYALS** had approached the CS at the BMC Notorious club house and had asked the CS if the CS

Affidavit in Support of Criminal Complaint – Page 3

knew of anyone selling narcotics. The CS stated that they had received a total of approximately eight ounces of methamphetamine from **RYALS** over the span of a few months, and that **RYALS** would usually front four ounces of methamphetamine at a time. The CS told agents that **RYALS** would charge approximately $250 per ounce of methamphetamine, and that the CS would usually meet **RYALS** at the BMC Notorious club house to conduct the methamphetamine transactions. Based on the information provided by the CS along with additional investigation, I believe the CS to be both credible and reliable.

8. Between May 2025 and November 2025, FBI Lubbock RA agents along with other law enforcement partners conducted multiple interviews and debriefings of individuals known to associate or affiliate with **RYALS**. During these interviews and debriefings, law enforcement obtained information indicating **RYALS's** source of supply for methamphetamine, the identities of individuals believed to be purchasing methamphetamine from **RYALS**, additional associates and family members involved in his activities, and details regarding his patterns of life and daily routines.

9. On February 27, 2026, FBI Lubbock and Lubbock TAG agents conducted surveillance at the BMC Notorious clubhouse, which is also the known residence of **RYALS** located at 4712 East Farm to Market 2641, Lubbock 79403. During the surveillance operation, deputies with the Lubbock County Sheriff's Office (LCSO) conducted a traffic stop on a vehicle observed departing the residence and clubhouse. LCSO deputies identified the sole occupant of the vehicle as a family member of **RYALS** who had previously been identified as residing at the address and who, based on prior

**Affidavit in Support of Criminal Complaint – Page 4**

investigation, was believed to be assisting **RYALS** in the distribution of methamphetamine. LCSO deputies obtained consent to search the vehicle. During the search, deputies located a small quantity of a white crystalline substance consistent in appearance with methamphetamine inside the driver's personal effects. The substance was field-tested and yielded a presumptive positive result for the presence of methamphetamine. Based on the timing of the vehicle's departure from the target residence, the occupant's known association with **RYALS**, the recovery of suspected methamphetamine after leaving the residence, and additional aspects of the investigation, it further supported the belief that methamphetamine was being stored and distributed from 4712 East Farm to Market 2641.

10. Shortly after, FBI Lubbock and Lubbock TAG agents obtained a State of Texas residential search warrant for 4712 East Farm to Market 2641, Lubbock, Texas 79403. During the execution of the search warrant, law enforcement located a large clear zip-lock bag containing a white crystalline substance consistent in appearance with methamphetamine. The substance was found inside a locked drawer of a wooden filing cabinet situated within the residence's office, next to which was a cabinet containing **RYALS**'s BMC paraphernalia:



Figure 1                                    Figure 2

Inside the same drawer containing the suspected methamphetamine were bank check receipts and additional documents bearing **RYALS** name and identifying information. In other areas of the office, there were multiple items commonly used in the distribution of controlled substances, including numerous small plastic baggies consistent with packaging for resale, digital scales commonly used to weigh narcotics, objects bearing a visible powder residue, and a concealed compartment located inside a bookshelf.

11. The crystalline substance field tested positive for the presence of methamphetamine. The substance was also weighed and determined to be approximately 3.2 pounds, with packaging. Approximately 3.2 pounds of methamphetamine is only consistent with distribution, and not personal use.

12. As law enforcement was concluding the search of the above stated residence, a vehicle known to be driven by **RYALS** was observed in the area. TXDPS troopers developed reasonable suspicion to conduct a traffic stop, during which they identified **RYALS** as the driver and sole occupant. **RYALS** was placed under arrest for the items just located during the search warrant and TXDPS troopers conducted an inventory of **RYALS's** vehicle. During the vehicle inventory, TXDPS troopers located a baggie containing a small amount of a white crystalline substance consistent in appearance with methamphetamine near the center console of the vehicle. The substance later showed to test positive for the presence of methamphetamine. **RYALS** was transported to the Lubbock County Detention Center (LCDC) and charged with State of Texas criminal code and traffic code offenses.

13. Based on the facts cited above, I believe that probable cause exists that **RYALS** did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

_____
Blaise Dillenburg
Special Agent
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will be issued. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 2nd day of March 2026.

_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE